UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK PANTERMOLLER, )<br>  )<br>            Plaintiff  ) <br> ) <br>v. ) <br> ) <br>TOWN OF FAIRFIELD, ) <br>FAIRFIELD POLICE DEPARTMENT, ) <br>MICHELLE FLEWELLING, ) <br>CASEY DUGAS, ) <br>MATTHEW WILCOX, and ) <br>THOMAS GOULD, ) <br> ) <br>            Defendants  ) | Civil Action No: |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND JURY TRIAL DEMAND

NOW COME Defendants, Town of Fairfield, Fairfield Police Department, Michelle Flewelling, Casey Dugas, Matthew Wilcox and Thomas Gould, by and through undersigned counsel, and answer Plaintiff's Complaint as follows:

### JURISDICTION AND NATURE OF THE COMPLAINT

1. Defendants deny the allegations contained in paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint.

### FACT SUMMARY

4. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, deny the same.

5. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, deny the same.

6. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, deny the same.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. Defendants admit that the Town Manager refused to reconsider and called police after Plaintiff refused repeated orders to leave her office.

10. Defendants admit that police arrived and arrested Plaintiff after he was given multiple trespass warnings but refused to leave the Town Manager's office.

## **FACTS**

11. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, deny the same.

12. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, deny the same.

13. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, deny the same.

14. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, deny the same.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, deny the same.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, deny the same.

18. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, deny the same.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants admit she offered to speak to Plaintiff in the hallway, but deny the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendants admit the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, deny the same.

26. Defendants admit the allegations contained in paragraph 26 of the Complaint.

27. Defendants admit the allegations contained in paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in paragraph 28 of the Complaint.

29. Defendants admit the allegations contained in paragraph 29 of the Complaint.

30. Qualified.  Officer Dugas gave Plaintiff multiple trespass warnings, indicating that he would be arrested if he did not leave the Town Manager's office.

31. Defendants admit the allegations contained in paragraph 31 of the Complaint.

32. Qualified.  Plaintiff was only arrested after refusing multiple orders to leave or face arrest for criminal trespass.

33. Defendants admit that they had the car towed but deny the remaining allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, therefore, deny the same.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, therefore, deny the same.

39. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, therefore, deny the same.

## **MEMORANDUM OF LAW**

40. This paragraph contains a legal argument and not a declaration of fact to which Defendants should be expected to respond. To the extent any response is required to this paragraph, Defendants deny.

41. This paragraph contains a legal argument and not a declaration of fact to which Defendants should be expected to respond. To the extent any response is required to this paragraph, Defendants deny.

42. This paragraph contains a legal argument and not a declaration of fact to which Defendants should be expected to respond. To the extent any response is required to this paragraph, Defendants deny.

43. This paragraph contains a legal argument and not a declaration of fact to which Defendants should be expected to respond. To the extent any response is required to this paragraph, Defendants deny.

44. This paragraph contains a legal argument and not a declaration of fact to which Defendants should be expected to respond. To the extent any response is required to this paragraph, Defendants deny.

45. This paragraph contains a legal argument and not a declaration of fact to which Defendants should be expected to respond. To the extent any response is required to this paragraph, Defendants deny.

46. This paragraph contains a legal argument and not a declaration of fact to which Defendants should be expected to respond. To the extent any response is required to this paragraph, Defendants deny.

47. This paragraph contains a legal argument and not a declaration of fact to which Defendants should be expected to respond. To the extent any response is required to this paragraph, Defendants deny.

48. This paragraph contains a legal argument and not a declaration of fact to which Defendants should be expected to respond. To the extent any response is required to this paragraph, Defendants deny.

49. This paragraph contains a legal argument and not a declaration of fact to which Defendants should be expected to respond. To the extent any response is required to this paragraph, Defendants deny.

50. This paragraph contains a legal argument and not a declaration of fact to which Defendants should be expected to respond. To the extent any response is required to this paragraph, Defendants deny.

51. This paragraph contains a legal argument and not a declaration of fact to which Defendants should be expected to respond. To the extent any response is required to this paragraph, Defendants deny.

52. This paragraph contains a legal argument and not a declaration of fact to which Defendants should be expected to respond. To the extent any response is required to this paragraph, Defendants deny.

53. This paragraph contains a legal argument and not a declaration of fact to which Defendants should be expected to respond. To the extent any response is required to this paragraph, Defendants deny.

54. This paragraph contains a legal argument and not a declaration of fact to which Defendants should be expected to respond. To the extent any response is required to this paragraph, Defendants deny.

55. This paragraph contains a legal argument and not a declaration of fact to which Defendants should be expected to respond. To the extent any response is required to this paragraph, Defendants deny.

56. This paragraph contains a legal argument and not a declaration of fact to which Defendants should be expected to respond. To the extent any response is required to this paragraph, Defendants deny.

57. This paragraph contains a legal argument and not a declaration of fact to which Defendants should be expected to respond. To the extent any response is required to this paragraph, Defendants deny.

58. This paragraph contains a legal argument and not a declaration of fact to which Defendants should be expected to respond. To the extent any response is required to this paragraph, Defendants deny.

### APPLICATION TO THE FACTS OF THE INSTANT MATTER

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

### CLAIMS FOR RELIEF

### COUNT I:

### VIOLATION OF 5TH AMENDMENT TO THE STATE AND U.S. CONSTITUTIONS/VIOLATION OF DUE PROCESS CLAUSE

61. Defendants repeat and reallege their responses contained in paragraphs 1 through 60 herein.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants admit the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

## COUNT II:

## FALSE ARREST/MALICIOUS PROCSECUTION/ASSAULT/BATTERY

68. Defendants repeat and reallege their responses contained in paragraphs 1 through 67 herein.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants admit that they acted under color of law and acted or purported to act in the performance of official duties under federal, state, county or municipal laws, ordinances, or regulations.  Defendants deny the remaining allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

## COUNT III:

## FALSE ARREST/FALSE IMPRISONMENT

78. Defendants repeat and reallege their responses contained in paragraphs 1 through 77 herein.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Qualified. While Defendants deny that they committed any unlawful acts, all actions they did take were within the scope of their employment.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

## COUNT IV:

## FALSE ARREST/FALSE IMPRISONMENT

84. Defendants repeat and reallege their responses contained in paragraphs 1 through 83 herein.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

## COUNT V:

## VIOLATION OF 4TH AMENDMENT TO THE MAINE AND U.S. CONSTITUTIONS

87. Defendants repeat and reallege their responses contained in paragraphs 1 through 86 herein.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants admit the allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

## COUNT VI:

### VIOLATION OF 5TH AMENDMENT TO THE MAINE AND U.S. CONSTITUTIONS / DUE PROCESS CLAUSES

93. Defendants repeat and reallege their responses contained in paragraphs 1 through 92 herein.

94. Defendants admit the allegations contained in paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in paragraph 96 of the Complaint.

97. Qualified.  While denying they committed any unlawful acts, any actions Defendants did take were within the scope of their employment.

98. Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. The allegations contained in the first sentence of paragraph 100 call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations contained in the first sentence of paragraph 100 of the Complaint.  Defendants admit the allegations contained in the second sentence of paragraph 100 of the Complaint.

## COUNT VII:

### VIOLATION OF 5TH AND 14TH AMENDMENTS TO THE MAINE AND U.S. CONSTITUTIONS (42 U.S.C. §1983)

101. Defendants repeat and reallege their responses contained in paragraphs 1 through 100 herein.

102. Defendants deny the allegations contained in paragraph 102 of the Complaint.

103. Defendants admit the allegations contained in paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in paragraph 104 of the Complaint.

105. Defendants deny the allegations contained in paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in paragraph 106 of the Complaint.

## COUNT VIII:

## VIOLATION OF 14TH AMENDMENT TO THE MAINE & U.S. CONSTITUTIONS
## (42 U.S.C. § 1983)

107. Defendants repeat and reallege their responses contained in paragraphs 1 through 106 herein.

108. Defendants deny the allegations contained in paragraph 108 of the Complaint.

109. Defendants admit that they acted under color of law and acted or purported to act in the performance of official duties under federal, state, county or municipal laws, ordinances, or regulations but deny the remaining allegations contained in paragraph 109 of the Complaint.

110. Defendants deny the allegations contained in paragraph 110 of the Complaint.

111. Defendants deny the allegations contained in paragraph 111 of the Complaint.

112. Defendants deny the allegations contained in paragraph 112 of the Complaint.

## COUNT IX:

## NEGLIGENCE/ABUSE OF PROCESS

113. Defendants repeat and reallege their responses contained in paragraphs 1 through 112 herein.

114. Defendants deny the allegations contained in paragraph 114 of the Complaint.

115. Defendants deny the allegations contained in paragraph 115 of the Complaint.

116. Qualified. While Defendants deny they committed any unlawful acts, any actions Defendants did take were within the scope of their employment.

117. Defendants deny the allegations contained in paragraph 117 of the Complaint.

## COUNT X:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

118. Defendants repeat and reallege their responses contained in paragraphs 1 through 117 herein.

119. Defendants deny the allegations contained in paragraph 119 of the Complaint.

120. Defendants deny the allegations contained in paragraph 120 of the Complaint.

121. Defendants deny the allegations contained in paragraph 121 of the Complaint.

## COUNT XI:

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

122. Defendants repeat and reallege their responses contained in paragraphs 1 through 121 herein.

123. Defendants deny the allegations contained in paragraph 123 of the Complaint.

124. Defendants deny the allegations contained in paragraph 124 of the Complaint.

125. Defendants deny the allegations contained in paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in paragraph 126 of the Complaint.

## COUNT XII:

## DEFAMATION & FALSE LIGHT

127. Defendants repeat and reallege their responses contained in paragraphs 1 through 126 herein.

128. Defendants deny the allegations contained in paragraph 128 of the Complaint.

129. Defendants deny the allegations contained in paragraph 129 of the Complaint.

130. Defendants deny the allegations contained in paragraph 130 of the Complaint.

## COUNT XIII:

## NEGLIGENT HIRING

131. Defendants repeat and reallege their responses contained in paragraphs 1 through 130 herein.

132. Defendants deny the allegations contained in paragraph 132 of the Complaint.

133. Qualified.  While this right exists generally, the time, place and manner of such speech is subject to reasonable regulation.

134. Defendants deny the allegations contained in paragraph 134 of the Complaint.

135. Defendants deny that any unlawful seizure occurred here.

136. Defendants deny the allegations contained in paragraph 136 of the Complaint.

137. Defendants deny the allegations contained in paragraph 137 of the Complaint.

138. Defendants deny the allegations contained in paragraph 138 of the Complaint.

## COUNT XIV:

## NEGLIGENT SUPERVISION & TRAINING

139. Defendants repeat and reallege their responses contained in paragraphs 1 through 138 herein.

140. Defendants deny the allegations contained in paragraph 140 of the Complaint.

141. Qualified.  Defendants admit that proposition generally but deny that was not done here.

142. Defendants deny the allegations contained in paragraph 142 of the Complaint.

143. Defendants deny the allegations contained in paragraph 143 of the Complaint.

## COUNT XV:

## MAINE UNFAIR TRADE PRACTICES ACT

144. Defendants repeat and reallege their responses contained in paragraphs 1 through 143 herein.

145. Defendants admit the allegations contained in paragraph 145 of the Complaint.

146. Qualified. Defendants were informed, but this law clearly has no applicability to this case.

147. Defendants deny the allegations contained in paragraph 147 of the Complaint.

## COUNT XVI:

## INVASION OF PRIVACY (FALSE LIGHT)

148. Defendants repeat and reallege their responses contained in paragraphs 1 through 147 herein.

149. Defendants deny the allegations contained in paragraph 149 of the Complaint.

150. Defendants deny the allegations contained in paragraph 150 of the Complaint.

151. Defendants deny the allegations contained in paragraph 151 of the Complaint.

152. Defendants deny the allegations contained in paragraph 152 of the Complaint.

153. Defendants deny the allegations contained in paragraph 153 of the Complaint.

WHEREFORE, Defendants respectfully request judgment in their favor on all Counts of Plaintiff's Complaint, plus their costs of suit.

## JURY DEMAND

Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

**AFFIRMATIVE DEFENSES**

1. Defendants affirmatively defend by stating that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the statute of limitations.

3. Defendants affirmatively defend by stating that their conduct was privileged.

4. Defendants affirmatively defend by stating that Plaintiff has failed to mitigate his damages.

5. Defendants affirmatively defend by stating that Plaintiffs' Complaint is barred by the doctrine of absolute immunity and/or qualified immunity.

6. If any of Defendants' acts are found to have been unlawful and/or unconstitutional, Defendants had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

7. Defendant municipality has no liability for damages because the conduct of its employees did not violate clearly established law, therefore any alleged failure to hire, train, manage, discipline, or supervise could not have been a proximate cause of Plaintiffs' damages.

8. Defendants' conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort.

9. No clearly established rights of Plaintiff were violated by Defendants' actions.

10. Any force used by these Defendants in effecting Plaintiff's arrest consisted only of routine handcuffing which does not implicate the Fourth Amendment.

11. The amount of force used, if any, by these Defendants consisted only of routine handcuffing that was necessary to take Plaintiff into custody for transport to the county jail.

12. Plaintiff's claim is barred by the doctrine of estoppel and/or preclusion.

13. Defendants affirmatively defend by stating that Plaintiff's injuries, if any, were not caused by any municipal policy or custom.

14. Defendants affirmatively defend by stating that no supervisory liability claim can lie in the absence of a violation of Plaintiffs' rights by an officer that is observed by a supervisory officer who had a reasonable opportunity to intervene and stop such violation but failed to do so.

15. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred for failure to comply with the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

16. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

17. Defendants affirmatively defend by stating that any negligence on their part, if any, is less than that of Plaintiff and his recovery is therefore barred by the doctrine of comparative negligence.

18. Declaratory relief is not warranted and is inappropriate because it would not terminate the controversy giving rise to these proceedings. *See* 14 M.R.S.A § 5958 and 28 U.S.C. § 2201.

19. Declaratory relief is inappropriate because all interested persons, including Maine's Attorney General, have not been made parties to this action. *See* 14 M.R.S.A. § 5963.

20. Plaintiff's "Complaint, Motion for Declaratory Judgment, Incorporated Memorandum of Law and Jury Trial Demand" is procedurally improper and impermissible under Rules 7 and 8 of the Federal Rules of Civil Procedure and the Maine Rules of Civil Procedure.

21. Any publicity that resulted from a lawful arrest cannot support a claim of defamation or false light.

22. Any statements made by Defendants concerning Plaintiff's conduct at town hall, and his resulting arrest, were true and therefore cannot support a claim of defamation.

23. Plaintiff's arrest is a matter of public record and Defendants are not responsible for any claimed damage to Plaintiff's reputation allegedly caused by the publication of a public record by media over which Defendants have no control or responsibility.

DATED:  June 15, 2017                        */s/ Edward R. Benjamin*
                                             Edward R. Benjamin, Jr.
                                             Kasia S. Park

                                             *Attorneys for Defendants*

Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com

## **CERTIFICATE OF SERVICE**

I, Edward R. Benjamin, Jr., hereby certify that on **June 15, 2017** I electronically filed the above Defendants' Answer to Plaintiff's Complaint and Jury Trial Demand with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to all parties of record.

*/s/ Edward R. Benjamin*
Edward R. Benjamin, Jr.
*Attorney for Defendants*
Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com